**Ritter v. Van Campen Motors**

222

C.P. of Lycoming County, No. 12-00,379

ANDERSON, *J.*, Feb. 9, 2015—Before the court are two motions in limine filed by defendant Kevin Lee Banks, on December 2, 2014, and February 4, 2015. Argument was heard February 5, 2015.

The instant action arises from a motor vehicle accident in which the vehicle driven by plaintiff Rachel Ritter and the vehicle driven by defendant's decedent, James Banks, collided head-on. Each party has claimed the other responsible for crossing the center line of Route 87 and causing the collision. James Banks was killed in the accident and Rachel and her mother, Kelly Ritter, who was also in the car, were severely injured and have no memory of the accident. The accident reconstruction experts offer opposite conclusions: Plaintiffs' expert says Mr. Banks crossed the center line, defendant's expert says the Ritter vehicle crossed the center line.

In the first motion, defendant seeks to preclude evidence that James Banks had a BAC of .257 at the time of the accident (as shown by the autopsy report), testimony that he had been drinking prior to driving that day, and evidence that there was beer in his vehicle at the time of the accident. Defendant contends the evidence is inadmissible without proof of intoxication. While the court agrees with the principle, it does not apply in this case because there is proof of intoxication. In the autopsy report, the forensic pathologist concludes that "Mr. Banks was markedly intoxicated at the time of the accident, BAC=0.25%." Further, in his supplemental report of January 8, 2015, the pathologist opines that "Mr. Banks was sufficiently intoxicated that he would have been incapable of safe driving. His blood alcohol level of 0.25 is greater than three times the upper limit for driving purposes. The mental effects include confusion, emotional instability, loss of critical judgment (failure to use seat belts; drinking too much and becoming intoxicated; driving knowing he had too much to drink and is impaired; failure to analyze the potential consequences of his actions; failure to seek help, call a cab or ask for a ride home), sleepiness and memory impairment.... His blood alcohol is high enough to affect his cerebellum, the region of the brain that controls coordination meaning his dexterity both in his arms and legs is markedly affected meaning he would be slow and clumsy and incoordinated (sic) steering and manning the foot pedals.... it is my opinion with reasonable medical certainty that Mr. Banks was intoxicated". This evidence of intoxication is more than sufficient to support the evidence

of consumption of alcohol sought to be precluded.[1]

In the second motion, defendant seeks to preclude the supplemental report of the forensic pathologist Isadore Mihalakis, M.D., on the bases that it was submitted outside the discovery deadlines and it expresses opinions beyond his scope of expertise. With respect to the latter basis, plaintiffs have agreed to not use the portion of the report which purports to opine on reconstruction of the accident. With respect to the former basis, the timeliness, as plaintiff submitted the report in response to defendant's motion in limine to exclude the evidence of alcohol consumption, and as the supplemental report (as modified by eliminating references to accident reconstruction) addresses only the issue of intoxication and further explains the statement made in his first report that "Mr. Banks was markedly intoxicated at the time of the accident, BAC=0.25%", the court will not exclude the report because of the timing. Defendant had enough notice with the filing of the autopsy report that the pathologist held the opinion that a BAC of .25 would cause one to be "markedly intoxicated" and thus sufficient time to seek a contrary opinion.

## ORDER

And now, this 9th day of February 2015, for the foregoing reasons, except with respect to the reconstruction opinions of Dr. Mihalakis, which shall not be admissible, the motions in limine are denied.

---

1. Defendant also asserts the evidence is not relevant, but inasmuch as the central issue in this case is responsibility for the accident, the evidence of Mr. Banks' intoxication is highly probative.